UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tina M. Longnecker, | ) | CASE NO. 1:05 CV 735 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Three Little Pigs, LLC, et al., | ) | **Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon defendants' Motion for Leave to File Second Motion for Summary Judgment (Doc. 43). For the following reasons, the motion is DENIED.

This Court previously denied defendants' Motion for Summary Judgment as to plaintiff's claims for pregnancy discrimination under Title VII and the Ohio Revised Code, wrongful discharge and violation of public policy.

Defendants now seek to file a second motion for summary judgment. Defendants assert that they have recently discovered case law which would entitle them to summary judgment due to plaintiff's failure to inform them that she was terminated from her previous employer, the Winking Lizard. In particular, defendants state that they have now discovered *Milligen-Jensen*

1

*v. Michigan Technological University,* 975 F.2d 302 (6th Cir. 1992), which holds that where resume fraud is discovered after discharge, judgment on wrongful discharge or discrimination claims is appropriate where the misrepresentation or omission was relied upon by the employer in the hiring decision.  Defendants contend that plaintiff omitted her employment at the Winking Lizard on her resume submitted to defendants and failed to indicate to defendants during her interview that she had been terminated by the Winking Lizard.  Defendants state that they are prepared to present to this Court evidence that Bill Semeraro, who made the decision to hire plaintiff, lacked knowledge of plaintiff's termination or that she was terminated during her probationary period with Winking Lizard.  They will also show that Semeraro would not have hired plaintiff had he known she had been terminated.

For the following reasons, defendants' request is denied in that it is untimely and futile.

In its Memorandum of Opinion and Order, this Court recited the facts presented to it by the parties which included the following.

> Plaintiff worked as a manager for the Winking Lizard restaurant in Akron, Ohio for six weeks until she was terminated while still in a training period.[1] (Semeraro depo. 46, 54-56; Morgan depo. 29-30; Evert depo. 7-10, 21-22; pltf. aff.; pltf. depo. 26)
>
> [F.N.1 Plaintiff states in her affidavit that she was terminated because she "verbally disagreed with restaurant policies regarding cleanliness."  She testified at deposition that the reason she was terminated was that her manager did not feel that plaintiff's training was where it needed to be.  (pltf. depo. 26)]
>
> In April 2004, [Craig] Evert saw plaintiff at the Winking Lizard while patronizing that restaurant with his wife.  Having worked together previously, the Everts and plaintiff talked and plaintiff told Evert that she did not like where she was working because of the long hours.  Evert told plaintiff that Hoggy's was looking for assistant managers and that she should drop off her resume. (Evert depo. 39-42) Plaintiff gave her resume to Hoggy's on her last day of employment with the Winking Lizard.  (pltf. depo. 78)  Evert

>recommended plaintiff for the position of assistant manager to Semeraro.  (Semeraro aff.)

>In May 2004, plaintiff had two interviews for the position at Hoggy's- one with general manager Semeraro and assistant manager Evert and a second with assistant managers Morgan and Gettles (Evert depo. 41-42; Semeraro aff.; pltf. depo. 85-86) Following Morgan's interview with plaintiff, Morgan informed Semeraro that she was unsure about hiring plaintiff because plaintiff could not accurately recount her past employment and was evasive about why she had left her previous job.  Morgan also found plaintiff to be presumptuous about the workings of the restaurant.  Although Semeraro was unsure about the decision, he hired plaintiff on May 14, 2004 for the position of assistant manager, relying on Evert's recommendation.  (Semeraro aff.; Morgan depo. 38-40).

(Memorandum of Opinion and Order at 2-3)

Defendants' request to file a second motion for summary judgment is untimely given that in filing their original motion for summary judgment, defendants clearly knew that plaintiff had been terminated from the Winking Lizard.  Defendants should have discovered the law applicable to these facts.  Furthermore, the request appears to be futile.  Regardless of the alleged omission on the resume, Evert knew plaintiff had worked with the Winking Lizard.  Additionally, Semeraro averred that while Morgan conveyed her concern to him regarding plaintiff's "evasiveness" about why she had left her previous job, he hired plaintiff anyway based on Evert's recommendation.

For these reasons, defendants' Motion for Leave to File Second Motion for Summary Judgment is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  5/1/06